## CARE AT A RAILWAY CROSSING.

Circuit Court of Fayette County.

### B. & O. R. R. Co. v. Hugh K. Stewart.*

*Negligence—Buggy Struck by Train at Railway Crossing—Evidence Establishing Negligence in Failing to Look and Listen—Error in Refusing to Direct Verdict for the Railway Company.*

It is error to overrule a motion to direct a verdict for the defendant railway company in a crossing injury case, where the testimony offered on behalf of the plaintiff shows that she was familiar with the crossing and its surroundings and the schedule of the trains, and that others similarly situated as herself with reference to the crossing heard the warning whistle and saw the approaching train in ample time for her, had she been proceeding with due care, to have become aware of the approach of the train and avoided the collision.

*Cummings, McBride & Wolfe* and *F. A. Durban,* for plaintiff in error.

*Humphrey Jones,* contra.

Dustin, J.; Wilson, J., and Sullivan, J., concur.

Heard on error.

We do not deem it necessary to state here the issues between the parties and upon which the judgment, sought to be reversed by the plaintiff in error, was entered in the court below, since they fully appear on the face of the record. A number of grounds of error are set forth in the petition in error, and yet but two were seriously urged and relied upon by counsel, viz.: That the court below erred in overruling the motion of plaintiff in error to direct the jury to return a verdict in its favor at the conclusion of the testimony of plaintiff below; and, that the whole testimony produced to the jury shows the verdict is manifestly against its weight. If the record shows upon its face either of these errors to be manifest, then the other grounds set forth in the petition in error are no importance.

* Affirmed by the Supreme Court without report, *Stewart v. B. & O. Railroad Co.,* 77 Ohio State, 603.

U'pon the first ground, counsel for plaintiff in error claims that the testimony of plaintiff below shows that Mrs. Stewart was negligent in aproaching the crossing where the accident occurred, and that her negligence was the proximate cause of her injuries. The care required of her depended upon the suroundings of the crossing, her knowledge of the same, and of the time trains were scheduled and expected to pass at this point. The testimony of plaintiff below shows that Mrs. Stewart knew the crossing well, and its surroundings, from having frequently used it coming from and going to her home; also that she knew that it was near or about the time that the train with which she collided was expected to pass. As she was passing along in front of the cemetery, named and located in the record as a point from which a train coming from the east could be seen, after passing the elevator located at the station to the east, many of the witnesses called by the plaintiff below, who were in and about this cemetery, heard the whistle sounded on the approaching train. Some of those who heard it watched Mrs. Stewart, because notwithstanding the signal she continued on toward the crossing, apparently not heeding the signal and unconscious of the train's approach.

These witnesses were located at the time the signal was given precisely as Mrs. Stewart was in relation to the crossing, and the buildings claimed to have been obstructions. The wind was from the same direction as to them as it was to her. She claims to have been listening for signals and the noise of an approaching train, and heard neither. There was no occasion for these other witnesses listening for either, and yet they heard the signal distinctly. The care devolving upon her was to look and listen—to look for the purpose and with the intent of seeing, and to listen for the purpose and with the intent of hearing the approach of a train. Neither the wind nor the obstructions near the station interfered with the plaintiff's other witnesses below from hearing the signal; hence the query naturally follows, if she was listening, with the purpose and intent of hearing, why did she not hear the whistle? If it was the noise of her buggy, it was her duty to have stopped it. *Penna. Co.* v. *Morel*, 40th Ohio State, 338.

A railroad crossing is a known place of danger. Where the surroundings increase the danger, greater care must be observed by the traveler upon the highway in approaching for the purpose of crossing. As Mrs. Stewart approached the crossing, the care devolving upon her increased as she neared it; and after she passed into the cut, where she could not see, her duty to listen continued, and if prevented from hearing by the noise of her buggy, it was her duty to have stopped the noise and listened with the purpose and intent of hearing. As she could not see up and down the track just before going upon the crossing, it was her duty to have stopped and listened before attempting to cross. According to her own testimony and that of other witnesses called by plaintiff below, she did not do this at any point before going upon the crossing. This was all shown by the testimony of the witness called by the plaintiff below, and in our opinion was negligence upon the part of Mrs. Stewart, but for which the accident would not have occurred. The negligence charged against the railroad company may be conceded, but notwithstanding its negligence, had Mrs. Stewart not been negligent, she would not have been injured. The testimony of defendant below did not support the averments of the petition of plaintiff below that Mrs. Stewart was not negligent.

Therefore the motion of plaintiff in error for a verdict in its favor, at the conclusion of the testimony of plaintiff below, should have been sustained and the petition of plaintiff below dismissed. There are no other errors apparent upon the record prejudicial to plaintiff in error. The judgment of the court below will be reversed and the judgment which should have been rendered upon the motion in the court below will be rendered here, and the petition of defendant in error dismissed at his costs. Exceptions for defendant in error may be noted.